UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| Hawk Technology Systems, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>Valley Health System,<br><br>   Defendant. | Case No. 3: 15-cv-00077-GMG<br><br>**HAWK'S MEMORANDUM REGARDING DATES AND SCOPE OF INFRINGEMENT AND INVALIDITY CONTENTIONS** |

### I.   FACTUAL BACKGROUND

Hawk Technology Systems, LLC ("Plaintiff") has sued Valley Health System ("Defendant") for infringing United States Patent No. RE43,462 ("'462 Patent"). Defendant's Answer contains affirmative defenses asserting it does not infringe the '462 Patent and that the '462 Patent is invalid and counterclaims for declarations of non-infringement and invalidity.

The parties' counsel timely conferred for purposes of submitting the Initial Meeting Report, pursuant to the Court's First Order and Notice Regarding Discovery and Scheduling Conference dated July 31, 2015. (Dkt. doc. no. 9). As part of that process, Plaintiff's counsel proposed deadlines for Plaintiff to make infringement contentions and for Defendant to make early and robust non-infringement and invalidity contentions. The parties' disagreement was set forth in the Initial Meeting Report filed September 14, 2015.

### II.   LEGAL BACKGROUND

Inventors' rights are authorized by the Constitution. *See* U.S. Const. art. I, §8, cl. 8 (Congress shall have power "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries"). Accordingly, Title 35 of the United States Code entitles inventors to enjoin others

496614.1

from practicing the invention, or collect damages or a reasonable royalty from infringers. 35 U.S.C. §§ 283, 284. A patent is presumed to be valid (35 U.S.C. §282) and a party seeking a declaration of invalidity must prove invalidity by clear and convincing evidence. *See, e.g., Microsoft Corp. v. i4i Ltd.*, 564 U.S. ___, 131 S.Ct. 2238, 2246-49 (2011).

The Northern District of West Virginia has not enacted local rules for patent cases, but numerous federal districts have. For example, in the Western District of Washington, Local Patent Rule 121 requires defendants to make early non-infringement and invalidity contentions:

> Not later than 30 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Non-Infringement and Invalidity Contentions" which shall contain the following information:
> (a) For each Asserted Claim against that party, a chart stating whether the party admits that that element is present in the Accused Device or contends that it is absent from the Accused Device. If the party contends that an element is absent from the Accused Device, it shall set forth in detail the basis for that contention.
> (b) Each item of prior art that allegedly anticipates each Asserted Claim or renders it obvious. Prior art patents shall be identified by number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Public uses or sales shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. A claim that the invention was derived from a third party shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. A claim of prior inventorship shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);
> (c) Whether each item of prior art anticipates each Asserted Claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination must be identified; and
> (d) A chart identifying where specifically in each alleged item of prior art each element of each Asserted Claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

496614.1

2

Local Patent Rule 121, Western Dist. of Washington.[1] Many districts similarly require a defendant to make <u>both</u> non-infringement and robust invalidity contentions, typically 30 or 45 or 60 days after infringement contentions are served. *See, e.g.,* Local Patent Rule 3.3, Western Dist. of New York[2]; Local Patent Rule 3.3, Western Dist. of Tennessee[3]; Local Rule for Patent Cases 103.3, Middle Dist. of North Carolina[4]; Local Patent Rule 303.3, Eastern Dist. of North Carolina[5]; Local Patent Rules 4.2 and 4.3, Northern Dist. of Georgia[6]; Local Patent Rules 3.3 and 3.5, Northern Dist. of Ohio[7]; Local Patent Rules 2.3, Northern Dist. of Illinois[8]; Local Patent Rules 3-3, 3-4, Eastern Dist. of Missouri[9]; Local Patent Rule 121, Eastern Dist. of Washington[10]. *See also, e.g.,* Local Form 4, Rule 26(f) Report and Proposed Scheduling Order (Patent Cases), Dist. of Minnesota[11]; Appendix E to Local Rules (L.R. 16.6 Supplement, Sample Special Scheduling Order for Patent Infringement Cases), Dist. of Massachusetts.

Districts that do not require non-infringement disclosures nonetheless require early, robust invalidity contentions. *See, e.g.,* Supplemental Rule for Patent Cases 5.1, Dist. of New

---

[1] http://www.wawd.uscourts.gov/sites/wawd/files/LRPatentRules-Final.pdf

[2] http://www.nywd.uscourts.gov/sites/default/files/Local%20Patent%20Rules%202014.pdf

[3] https://www.tnwd.uscourts.gov/pdf/content/LocalPatentRules.pdf

[4] http://www.ncmd.uscourts.gov/sites/ncmd/files/PAT_LR.pdf

[5] http://www.nced.uscourts.gov/pdfs/PatentRules.pdf

[6] http://www.gand.uscourts.gov/sites/default/files/NDGARulesPatent.pdf

[7] http://www.ohnd.uscourts.gov/home/rules-and-orders/local-patent-rules/

[8] http://www.ilnd.uscourts.gov/home/LocalRules.aspx?rtab=patentrules

[9] http://www.moed.uscourts.gov/sites/default/files/LocalPatentRules.pdf

[10] http://www.waed.uscourts.gov/sites/default/files/local_rules/waed_patent_rules.pdf

[11] http://www.mnd.uscourts.gov/local_rules/forms/FORM-4-Rule-26.pdf

Hampshire[12]; Local Patent Rule 7, Southern and Eastern Districts of New York[13]; L.R. 804.1(c), Dist. of Maryland[14]; Local Patent Rule 3.3, Western Dist. of North Carolina[15]; Local Patent Rule 103.4, Southern Dist. of Ohio[16]; Rule of Practice for Patent Cases 3-3, Southern Dist. of Texas[17]; Local Patent Rule 3.3, Southern Dist. of California[18]; Local Patent Rule 3.3, Central Dist. of California.[19] *See also, e.g.,* Appendix B to the Local Rules for the Eastern Dist. of Texas.

### III. ARGUMENT

Plaintiff modeled its proposal based on other districts' local rules because Defendant has pleaded non-infringement and invalidity defenses and counterclaims. Early and robust non-infringement disclosures and invalidity contentions, as set forth above, are common requirements in local patent rules and are often more exacting than those proposed by Plaintiff in this matter.

Early non-infringement disclosures can identify which claim limitations are in dispute. Likewise, early, robust invalidity disclosures allow the parties to find and evaluate the alleged prior art, take discovery, and inform their experts. Defendant appears to contend that it may defer making any non-infringement or invalidity disclosures as late as 30 days before trial and that its obligations be watered down. However, the statute on which Defendant relies, 35 U.S.C.

---

[12] http://www.nhd.uscourts.gov/content/c-preliminary-invalidity-contentions

[13] http://www.nysd.uscourts.gov/rules/rules.pdf

[14] http://www.mdd.uscourts.gov/localrules/LocalRules.pdf

[15] http://www.ncwd.uscourts.gov/sites/default/files/local_patent_rules/Local_Patent_Rules_Final_3-17-11.pdf

[16] http://www.ohsd.uscourts.gov/sites/ohsd/files/Local%20Patent%20Rules%20-%20Effective%20June%201%2C%202010.pdf

[17] http://www.txs.uscourts.gov/sites/txs/files/rules.pdf

[18] https://www.casd.uscourts.gov/Rules/Lists/Rules/Attachments/1/Local%20Rules.pdf

[19] http://www.cand.uscourts.gov/localrules/patent

§282(c), was enacted to provide an "outer limit" for such disclosure. *Woods and Marine Exhaust Sys., Inc., v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (affirming exclusion of purported prior art as insufficient discovery supplementation, though disclosed prior to 30-day deadline in 35 U.S.C. §282(c)). The same court observed that a district court, by local rule or by court order, may require such production at an earlier date. *Id.* at 1281. While the local rules discussed above vary with respect to the exact timing, the disclosures *always* are made in the case's earlier stages. Plaintiff insists on robust disclosures but would agree to allowing Defendant to make its non-infringement and invalidity disclosures 60 days after the Plaintiff's infringement contentions are served.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff requests that the Court require that the Defendant make early, robust non-infringement disclosures and invalidity contentions in this case.

Dated: September 23, 2015
                              **s/ Damon L. Ellis**
                              Damon L. Ellis, WV #8802
                              MANI ELLIS & LAYNE, PLLC
                              602 Virginia Street E., Suite 200
                              P.O. Box 1266
                              Charleston, WV 25325
                              (304) 720-1000
                              (304) 720-1001 facsimile
                              dellis@mel-law.com

                              Gregory J. Myers, MN #287398
                              (*admitted pro hac vice*)
                              LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                              100 Washington Avenue South, Suite 2200
                              Minneapolis, MN 55401
                              (612) 339-6900
                              (612) 339-0981 facsimile
                              gjmyers@locklaw.com

                              **ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of September, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Dated:  September 23, 2015                    s/ **Damon L. Ellis**
                                                   Damon L. Ellis, WV #8802
                                                   MANI ELLIS & LAYNE, PLLC
                                                   602 Virginia Street E., Suite 200
                                                   P.O. Box 1266
                                                   Charleston, WV 25325
                                                   (304) 720-1000
                                                   (304) 720-1001  facsimile
                                                   dellis@mel-law.com

                                                   **ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT**